## COMMERCIAL CREDIT CO v WHEATLEY LOAN & DISCOUNT CO

Ohio Appeals, 3rd Dist, Allen Co

No 681. Decided Nov 12, 1936

D. K. Henderson, Lima, for plaintiff in error.

Melvin C. Light, Lima, for defendant in error.

### OPINION

By CROW, J.

The suit which this proceeding in error brings for review, was commenced in the Common Pleas Court of Allen County, Ohio, by The Commercial Credit Company, a corporation, plaintiff in error here.

The amended petition charged defendant The Wheatley Loan & Discount Company, also a corporation, with having unlawfully converted to its own use two automobiles hereinafter sometimes called cars upon which plaintiff had chattel mortgages which had been duly recorded, Kison Motor Sales being the mortgagor.

The answer was a general denial excepting corporate existence of plaintiff and defendant.

The case was tried to the court without a jury, resulting in a decision and judgment for defendant.

It was stipulated by the parties that two chattel mortgages were executed and delivered by Kison Motor Sales to plaintiff, one dated March 7, 1930, conveying an automobile, securing the payment of $1001.74 as to it; and the other dated May 22, 1930, conveying another automobile, securing the payment as to it, of $339.70, the mortgage itself showing the amount to be $539.70, and that those chattel mortgages were duly recorded in Mercer County, Ohio, and that bills of sale of the two cars, from Kison Motor Company were executed and delivered to E. N. Smith, and filed for record in said county.

Roy Kison testified in behalf of plaintiff, in substance as follows: he was a retail dealer in automobiles, new and used, under the name of Kison Motor Sales, at his place of business in Celina, Mercer County, Ohio; he purchased each of the cars covered by the two chattel mortgages, from the manufacturer, paying ten per cent in cash at the time of purchase, and the balance of the purchase money was part of the consideration for the two chattel mortgages to plaintiff; the two cars were put in his place of business shortly after their purchase, under an agreement with plaintiff that he should sell them in the usual course of his business, for cash, or part cash and notes or a note secured by mortgage as sales were so made, which notes or note and mortgage or mortgages would be sold to some other person or institution, and then plaintiff would be paid the mortgage loans on the automobiles from the cash or the cash and proceeds of the new mortgage note or notes; pending sale of the cars mortgagor was to pay on the mortgage indebtedness due plaintiff at the rate of ten per cent per month; prior to the 10th of June, 1930, Kison had sold automobile mortgage paper acquired in his business, to defendant, which represented purchase money on automobiles sold by him, and on that date one Smith appeared at Kison's

place of business; that he, Kison, knew Smith to then be the representative of defendant and to be there for the purpose of collecting indebtedness due or claimed to be due from Kison to defendant, which indebtedness was evidenced by mortgage paper sold by Kison to defendant, which paper Smith claimed, and Kison testified, was fictitious; and that in settlement with defendant Kison delivered to Smith the two automobiles covered by plaintiff's said mortgage paper, and that there was no other consideration in the transaction. Otherwise stated, the two automobiles sued for in this case were applied solely to the indebtedness claimed to be due defendant from Kison and were not sold to either Smith or defendant, notwithstanding the bills of sale were to Smith.

Kison testified further that after the 10th of June, 1930, defendant never made a request to him for payment of any indebtedness due or claimed to be due it from him, as defendant had repeatedly done prior to the time of the delivery of the cars and bill of sale to Smith.

Another witness, Hamilton, testified in behalf of plaintiff that he was in the employ of plaintiff and that Kison purchased the cars at the factory of the manufacturer on the terms testified to by Kison.

Defendant did not introduce any evidence.

There was no finding of facts nor conclusions of law in the trial court but the briefs of the parties say that the decision and judgment were announced by that court as resting on the grounds of failure to prove agency of Smith for defendant, and that there was no evidence of the value of the car where and when the alleged wrongful taking by defendant occurred.

Whilst the briefs can not be considered part of the record, the attitude of the trial court must have been as stated, for plaintiff in all other particulars made a prima facie case.

Kison's testimony which was positive to the effect that Smith was the representative of defendant, unattacked even by inquiry, concerning his means of the claimed knowing, in the light of the circumstances testified to by him was substantial evidence of Smith's agency, clearly outweighing the lone opposing fact that the bill of sale was to Smith.

There is little difficulty concerning the point whether there was substantial evidence tending to prove the market value of the cars at the time when and the place where the alleged conversion occurred,

namely, on the 10th day of June, 1930, in Celina, Ohio, there is not much to say.

Plaintiff financed the purchases of the cars which were new, at the place of manufacture, to the extent of ninety per cent of the price paid for them and the purchaser Kison paid ten per cent of the purchase price.

It has been so often held that the price paid by the purchaser of property is evidence tending to prove the value of the property purchased upon or reasonably near the date of purchase, that citation of cases is unnecessary as there are no conflicting ones.

It might well be argued that where as in this case the purchase was not made in terms by a purchaser; but the financing of the purchase was done partially by one engaged in the business of furnishing purchase money to dealers for new automobiles to be sold in the usual course of the business of sales at a place other than the manufactory where produced, and sold, the principle at the root of the rule allowing the purchase price to be shown in proof of the value of an article sold, should make relevant, evidence of the amount of financing so done.

However that might be there was substantial and unopposed evidence tending to prove that Kison paid more for the cars at the manufactory, than the amounts severally advanced by plaintiff.

It is such common knowledge as to require judicial notice, that the market values of new and unused automobiles for sale by dealers in the usual course of business at times reasonably near the dates of purchases by the dealer, are more than the cost to the dealer at the manufactory, in a county seat or otherwise important town anywhere in the State of Ohio, inasmuch as the items of transportation costs and profits to the dealer are to be added, and automobiles are in general ownership and use throughout the state to an extent necessitating the constant buying of new cars.

Though the place of purchase of the cars by the dealer was different and far distant from the place of alleged conversion, the purchase price effectuately fixed the market value at the place of such conversion.

One of the cars in controversy was bought May 22, 1930, which in relation to the time of the alleged conversion June 10, 1930, was but nineteen days; there is therefore no room for reasonable minds to reach opposite conclusions on whether that period of time was beyond reason so far as the value of that car mentioned is concerned. Whether the other car which was purchased March 7, 1930, and did not sell within ninety five days thereafter, should be likewise treated as to value, need not and therefore will not be determined.

Under the evidence Kison's only authority over the cars in relation to plaintiff's mortgages, was to sell them which he did not do, hence defendant's taking them for its own purpose, was wrongful and consequently actionable.

The power to sell property does not include the right to appropriate it to the use of the one having that power, nor authority to devolve or involve the title in any other manner than by a sale.

Facts might arise which would estop a mortgagee from enforcing the mortgage but there was no evidence in the case tending to prove such facts.

The court erred in overruling the motion for new trial on the ground that the decision is against the weight of the evidence on both the issues of agency and value of at least one of the cars, for which the judgment will be reversed and the cause remanded for new trial.

It is proper to also say that had there been no proof of market value, nominal damages should have been adjudged to plaintiff, and the failure to so adjudge would of itself have made necessary the mentioned reversal and remanding.

KLINGER, PJ, and GUERNSEY, J, concur.